# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN R. DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO:** |
| vs. ) | |
| ) | _____ |
| **BOARD OF TRUSTEES OF THE** ) | |
| **UNIVERSITY OF ALBAMA FOR** ) | |
| **ITS DIVISION, UNIVERSITY OF** ) | |
| **ALABAMA HOSPITAL;** ) | |
| **UNIVERSITY OF ALABAMA AT** ) | |
| **BIRMINGHAM CHIEF OF POLICE** ) | |
| **ANTHONY PURCELL, individually** ) | |
| **and in his official capacity;** ) | |
| **DEFENDANTS 1 through 4,** ) | |
| **individually and in their official** ) | |
| **capacity as Officers of the University** ) | |
| **of Alabama at Birmingham Police** ) | |
| **Department,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

1.     Plaintiff brings this action to redress violations of his civil rights under the United States Constitution, the Alabama State Constitution, and under the statutory and common laws of the United States and Alabama.

2.     Plaintiff is an adult citizen of the United States and the State of Alabama, and brings this action for damages against the Board of Trustees of the University of Alabama for its division, University of Alabama Hospital, the Chief

of Police of the University of Alabama at Birmingham, and Defendant Officers for violations of his civil rights and infliction of physical and emotional injuries to him on or about April 5, 2011.

3. Plaintiff avers that the Defendant Officers violated his civil rights and caused injury by arresting the Plaintiff without probable cause, by using excessive force in the course of his arrest and subsequent detainment, and by unlawfully detaining Plaintiff and conspiring to deprive him of his liberty and due process of law in order to conceal this misconduct.

4. Plaintiff also claims that the University of Alabama at Birmingham and its Chief of Police permitted, encouraged and ratified a pattern and practice of unjustified, unreasonable, and excessive use of force by failing to discipline or prosecute or in any manner deal with known incidents of excessive force and by refusing to investigate complaints of excessive force which were not justified and proper.

## JURISDICTION

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, and 1343(a)(3), (4) to obtain redress for deprivation of rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

6. The Plaintiff also invokes the supplemental jurisdiction of this Court for state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1393 (b), in the events or occurrences giving rise to Plaintiff's claims occurred in Birmingham, Alabama, the Northern District of Alabama, and pursuant to Alabama Code §§ 6-3-2 and 6-3-11 (1975).

## **PARTIES**

8. Plaintiff Steven R. Davis (hereinafter referred to as "Davis"), is a citizen of the United States and a citizen of the State of Alabama. At the time of the incident making the basis of this Complaint, he was forty-four (44) years old.

9. Defendant University of Alabama at Birmingham Hospital (hereinafter referred to as "UAB Hospital") is an academic health center located in Birmingham, Alabama.

10. Defendant Anthony Purcell (hereinafter referred to as "Purcell"), was the Chief of Police for the University of Alabama at Birmingham Police Department at the time of the violations detailed herein. The Chief of Police was the commanding officer of Defendant Officers and was responsible for their training, supervision, and conduct.

11.     Defendant Officers 1 through 4 were police officers on duty at the time of the incident making the basis of this claim and was one of the officers who inflicted personal injury on the Plaintiff through the excessive use of force, or otherwise observed the infliction of personal injury on the Plaintiff through the use of excessive force and failed to prevent the same, or otherwise conspire to deprive Plaintiff of his civil rights and due process of law.  Defendants 1 through 4 are sued in their individual and official capacities.

12.     The actions of the above described individuals, officials and officers (hereinafter referred to collectively as "Defendant Officers") combined and concurred to cause the damage and injuries suffered by the Plaintiff.

## STATEMENT OF FACTS

13.     On April 5, 2011, Plaintiff was informed that a friend had been involved in an accident and was taken to UAB Hospital.

14.     Around 7:00 p.m. that same day, Plaintiff attempted to enter the hospital but was stopped because the metal detector went off.  Plaintiff was asked to go back through and empty his pockets.  As Plaintiff turned to go back, he began to go into a Grand Mal Seizure.  Plaintiff lost his balance and attempted to grab onto the doorway to keep from falling.

15.     At this time Plaintiff hearing someone say "Oh no he didn't!" and saw someone in a yellow shirt attack him and throw him onto the floor.

16. Plaintiff was later told by a friend that she came into the Emergency Room and saw the four Defendant Officers on top of Plaintiff. Plaintiff's friend informed the Defendant Officers that Plaintiff was having a seizure and was told by the Defendant Officers to "shut up and mind her own business or she would go to jail too."

17. The next thing Plaintiff knew, he was about to be put into a police car. Plaintiff was handcuffed so tightly that the handcuffs cut off the circulation to the left side of his body which in turn became numb. He could barely sit up or stand without help.

18. Plaintiff was placed into the police car on his back but was unable to talk due to the seizure. Eventually his speech returned and he asked the Defendant Officers to loosen the handcuffs.

19. Defendant was transported to Cooper Green Hospital where Officers coerced Plaintiff into refusing treatment.

20. Plaintiff was transported to Birmingham City Jail where Officers and jail personnel treated Plaintiff inhumanely and improperly.

21. Prior to Plaintiff's release from the Birmingham City Jail, Plaintiff was told his clothing could not be located and was made to dress in embarrassing and improper attire.

22. The Defendant failed to prosecute Plaintiff for disorderly conduct and all criminal charges were dismissed.

## **COUNT I – EXCESSIVE FORCE**

23. Plaintiff hereby re-alleges and re-avers the allegations contained in the preceding paragraphs as if fully set out herein and incorporates the same by reference.

24. Defendant Officers were exercising their position and authority and acting under the color of state law in their capacity as a public officials and representatives of the University of Alabama at Birmingham Hospital and University of Alabama at Birmingham Police Department and unlawfully subjected Plaintiff to excessive and unnecessary force. As a result of Defendants' actions, Plaintiff sustained physical and psychological injury.

25. Claims that law enforcement officials have used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen are most properly characterized as invoking the protections of the *Fourth Amendment*, which guarantees citizens the right "to be secure in their persons. . .against unreasonable seizures," and must be judged by reference to the *Fourth Amendment's* "reasonableness" standard. Plaintiff avers that the force used by the Defendant Officers was not reasonable for the following reasons:

(a) Defendant Officers acted without probable cause, and thus, Defendant Officers with no right to make arrest necessarily had no right to use any degree of force. *Bashir v. Rockdale County, Ga.*, 445 F.3d 1323, 1331-33 (11th Cir. 2006);

(b) Defendant Officers acted without the need for the application of force;

(c) Defendant Officers acted with force exceeding that needed, and responded with force having no reasonable or rational relationship between that need and the amount of force that was used;

(d) Defendant Officers acted in a manner which inflicted extensive injury to Plaintiff, and these actions were *per se* unreasonable, given the extent of injury suffered by Plaintiff; and

(e) Defendant Officers acted in a manner which was malicious and sadistic, for the very purpose of causing harm, and not in a good faith effect to maintain and restore discipline.

26. As a proximate result of the Defendant Officers' misconduct, Plaintiff was injured and damaged as set forth above.

## COUNT II – ASSAULT AND BATTERY

27. Plaintiff hereby re-alleges and re-avers the allegations contained in the preceding paragraphs as if fully set out herein and incorporates the same by reference.

28. Defendant Officers, exercising their position of authority and acting under the color of State law in their capacity as public officials and representatives of the University of Alabama at Birmingham Hospital and University of Alabama at Birmingham Police Department, assaulted and battered Plaintiff by willfully, wantonly and intentionally inflicting physical harm on him. Said activity was known by the Defendants to carry loss of life risks and/or major medical risks to the Plaintiff.

29. As a proximate result of the Defendant Officers' misconduct, Plaintiff was injured and damaged as set forth above.

## COUNT III – FAILURE TO INTERVENE

30. Plaintiff hereby re-alleges and re-avers the allegations contained in the preceding paragraphs as if fully set out herein and incorporates the same by reference.

31. Defendant Officers and others failed to prevent the wrongful assault and battery of Plaintiff. Under law clearly established by the 11th Circuit in 1996, officials who are present at the scene and observe another official violate an

individual's constitutional rights, may be held liable under § 1983. *Fundillver v. City of Cooper City*, 777 F.2d 1436 (11th Cir. 1985). Liability attaches whether or not the officer is a supervisor. *Byrd v. Clark,* 783 F.2d 1002 (11th Cir. 1986).

32. As a proximate result of the Defendant Officers' misconduct, Plaintiff was injured and damaged as set forth above.

## COUT IV – NEGLIGENT SUPERVISION

33. Plaintiff hereby re-alleges and re-avers the allegations contained in the preceding paragraphs as if fully set out herein and incorporates the same by reference.

34. Defendants UAB Hospital and Purcell failed to monitor the activities of the law enforcement officials and negligently failed to properly supervise their activities and conduct.

35. As a proximate result of the Defendant Officers' misconduct, Plaintiff was injured and damaged as set forth above.

## COUNT V – INADEQUATE TRAINING

36. Plaintiff hereby re-alleges and re-avers the allegations contained in the preceding paragraphs as if fully set out herein and incorporates the same by reference.

37. UAB Hospital, Purcell and others negligently failed to adequately train and supervise the Defendant Officers in the areas of excessive force and arrest

procedures. Defendant Officers therefore exhibited reckless disregard for and deliberate indifference to Plaintiff.

38. As a proximate result of the Defendant Officers' misconduct, Plaintiff was injured and damaged as set forth above.

## COUNT VI – FOURTH AND FOURTEENTH AMENDMENTS UNLAWFUL SEARCH AND SEIZURE

39. Plaintiff hereby re-alleges and re-avers the allegations contained in the preceding paragraphs as if fully set out herein and incorporates the same by reference.

40. Defendant Officers conducted an unlawful and unwarranted arrest and detention of Plaintiff in violation of his constitutional right to be free from unlawful search and seizure. Plaintiff was not engaged in any unlawful behavior.

41. As a proximate result of the Defendant Officers' misconduct, Plaintiff was injured and damaged as set forth above.

## COUNT VII – DENIAL OF DUE PROCESS

42. Plaintiff hereby re-alleges and re-avers the allegations contained in the preceding paragraphs as if fully set out herein and incorporates the same by reference.

43. UAB Hospital, Purcell and others denied the Plaintiff his due process by concealing their behavior and tampering with evidence pertinent to his criminal

defense and interfering with the administration of justice in violation of Plaintiff's civil rights as guaranteed by the United States Constitution.

44. The Defendant Officers and UAB Hospital violated Plaintiff's right to be free from "cruel" and "unusual punishments" under the *Eighth Amendment*, by sadistically and maliciously beating Plaintiff while he was detained.

45. As a proximate result of the Defendant Officers' misconduct, Plaintiff was injured and damaged as set forth above.

## COUNT VIII – CIVIL CONSPIRACY

46. Plaintiff hereby re-alleges and re-avers the allegations contained in the preceding paragraphs as if fully set out herein and incorporates the same by reference.

47. Defendant Officers and UAB Hospital acting in concert, conspired to suppress the unwarranted and unlawful conduct of the Defendant Officers by tampering with evidence, manipulating and/or fabricating charges to delay Plaintiff's release, and proffering same to be used in a judicial tribunal. Said conspiracy was entered into with the specific intent to cover up the violations of the Plaintiff's civil rights.

48. As a proximate result of the Defendant Officers' misconduct, Plaintiff was injured and damaged as set forth above.

11

## COUNT IX – DELIBERATE INDIFFERENCE

49. Plaintiff hereby re-alleges and re-avers the allegations contained in the preceding paragraphs as if fully set out herein and incorporates the same by reference.

50. UAB Hospital, Purcell and others have created an atmosphere of tolerance regarding willful, wanton, and improper behavior of officers.  Through their acts and omissions, they are engaging in a pattern or practice of systemic deficiencies that has resulted in a pattern or practice of conduct by University of Alabama at Birmingham Police Officers that deprives persons of rights, privileges, and immunities secured or protected by the United States Constitution, the laws of the United States and the Alabama Constitution and the laws of Alabama.  These systemic deficiencies include, but are not limited to:

(a) Failing to implement policies, procedures and practices regarding use of force that appropriately guide and monitor the actions of University of Alabama at Birmingham Police Officers;

(b) Failing to train University of Alabama at Birmingham Police Officers adequately to prevent the occurrence of misconduct;

(c) Failing to supervise University of Alabama at Birmingham Police Officers adequately to prevent the occurrence of misconduct;

(d) Failing to implement policies and procedures whereby complaints and other allegations of officer misconduct are adequately received and investigated;

(e) Failing to adequately investigate incidences of use of excessive force;

(f) Failing to adjudicate or adequately review citizen complaints and incidents in which there are uses of excessive force; and

(g) Failing to adequately discipline officers who engage in misconduct.

51. As a proximate result of the Defendant Officers' misconduct, Plaintiff was injured and damaged as set forth above.

## **COUNT X – TORT OF OUTRAGE**

52. Plaintiff hereby re-alleges and re-avers the allegations contained in the preceding paragraphs as if fully set out herein and incorporates the same by reference.

53. Defendant Officers caused Plaintiff to suffer great physical and emotional distress and other such matters as alleged herein when they savagely and brutally beat the Plaintiff as he was having a Grand Mal Seizure and prevented him from receiving proper medical treatment to conceal this misconduct.

54. Said Defendants' actions toward the Plaintiff were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society. The emotional distress and bodily injury that the Defendants caused the Plaintiff to suffer were so severe that no reasonable person could be expected to endure it.

## **PRAYER FOR RELIEF**

1. Plaintiff requests the following equitable relief:

    (a) Order the Defendants, their officers, agents, and employees to refrain from engaging in any of the predicate actions forming the basis of the pattern and practice of conduct described in the foregoing;

    (b) Order the Defendants, their officers, agents and employees to adopt and implement policies and procedures to remedy the pattern or practice of conduct described hereinabove including, but not limited to:

    (i) Policies that will insure the integrity of evidence;

    (ii) Insure thorough and competent investigations of excessive force allegations; and

    (iii) Insure adequate training regarding the detention of individuals in need of medical treatment;

    (c) Order such other appropriate equitable relief as the interest of justice may require.

2. Grant Plaintiff compensatory and punitive damages against each of the individual Defendants and the University of Alabama at Birmingham Defendants in their individual capacities.

3. Award Plaintiff their costs and reasonable attorney's fees.

4. Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

/s/  Scott Morro
Scott Morro (ASB-4954-C30M)
Attorney for Plaintiff
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL  35071
(205) 631-6301 (office)
(205) 631-2692 (fax)
morrolawcenter@bellsouth.net

**SERVE DEFENDANTS BY CERTIFIED MAIL:**

Anthony Purcell, Chief of Police
University of Alabama at Birmingham Police Department
UAB Police Department
PHB
1530 3rd Avenue South
Birmingham, AL  35294-2130