IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN R. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | 2:12-cv-02112-JEO |
| ANTHONY PURCELL, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and Alabama state law. (*See* Doc.[1] 16, Amended Complaint). On September 18, 2013, the court, acting *sua sponte*, entered an order requiring Plaintiff Steven R. Davis to show cause why his claims against the "University of Alabama, for its Division, University of Alabama Hospital" are not subject to (1) being stricken on the ground that claims were added by amendment without obtaining leave of court or (2) being dismissed on the ground that Plaintiff has failed to timely serve that defendant. (Doc. 35). Plaintiff has failed to respond within the time prescribed. Accordingly, Plaintiff's claims against the University of Alabama, for its Division, University of Alabama Hospital," are due to be dismissed.

**I.    BACKGROUND**

In his original complaint filed June 8, 2012, Plaintiff named the following parties as defendants: (1) the "Board of Trustees of the University of Alabama for its Division, University of Alabama Hospital" (hereinafter the "Board"); (2) Anthony Purcell, both individually and in his

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files system.

official capacity as the "Chief of Police" for the "University of Alabama at Birmingham"; (3) and four unnamed officers of the "University of Alabama at Birmingham Police Department," in both their individual and official capacities. (Doc. 1 at 1). On June 28, 2012, the Board moved to be dismissed pursuant to FED. R. CIV. P. 12(b) on the ground that it is an agency of the State of Alabama and thus enjoys Eleventh Amendment immunity as to Plaintiff's § 1983 claims and sovereign immunity on his state law claims. (Doc. 5, ¶¶ 1-7). That motion also sought dismissal of the unnamed officers on the ground that fictitious party practice is not permitted in federal court. (*Id.*, ¶¶ 8-9). Defendant Purcell then filed a separate motion for dismissal, asserting that he is entitled to qualified immunity on Plaintiff's § 1983 claims and to state-agent immunity on his state-law claims. (Doc. 6). In responding to the motions to dismiss, Plaintiff expressly conceded that the Board was due to be dismissed based on sovereign immunity. (Doc. 8, ¶ 1). Plaintiff opposed, however, the dismissal of Purcell (*id.* ¶¶ 2-5), and Plaintiff requested leave to amend his complaint "to name the fictitious parties." (*Id.* ¶¶ 6-7).

On January 3, 2013, United States District Judge R. David Proctor entered an order granting the Board's Rule 12(b) motion and dismissing all claims against the Board with prejudice. (Doc. 12). The following day, United States Magistrate Robert R. Armstrong entered a scheduling order pursuant to FED. R. CIV. P. 16(b) that provided, *inter alia*, that Plaintiff's deadline for adding any new causes of action or parties was January 18, 2013. (Doc. 13 at 1). On January 14, 2013, Judge Armstrong entered a margin order relating to Plaintiff's request to amend his complaint to supply the names of the officers involved in the events underlying his claims, as follows:

In his response to the [defendants'] motions [to dismiss], the plaintiff has asked

>  for leave to amend his complaint to substitute the names of the arresting officers in the place of fictitiously named defendants.  The defendants only argument in response is that the amendment would be futile as the new parties would have the same qualified immunity as Purcell.  (Doc. 9, p. 2.)  As that showing has not been made, the court finds that the amendment would not be futile.  The motion to amend is GRANTED. The plaintiff shall file a complete, amended complaint, *adding only the names of the new parties*, no later than 7 days after the date of this order.

(Unnumbered docket entry dated 1/14/2013 (emphasis added)).

In response, Plaintiff filed his now-governing amended complaint on January 18, 2013. (Doc. 16 ("Amended Complaint" or "Amend. Compl.")).  In that pleading, Plaintiff added the names of five individual police officers allegedly employed by the University of Alabama at Birmingham that he says were involved in the events giving rise to his claims.  Further, although Judge Armstrong expressly granted leave to file an amendment that "add[ed] only the names" of the heretofore fictitious officers, Plaintiff's amendment also sought to revive or otherwise assert claims against a "University of Alabama" entity.  Specifically, Plaintiff's Amended Complaint names as a defendant the "University of Alabama for its Division, University of Alabama Hospital." (Doc. 16 at 1, Caption; *id.,* ¶ 2).  There is no indication, however, that Plaintiff has attempted to serve a summons and copy of the amended complaint on the University as provided by FED. R. CIV. P. 4.

## II.   DISCUSSION

### A.   Failure to Obtain Leave to Amend to Add the University

A plaintiff is authorized to amend his complaint once as a matter of course within 21 days after serving his original complaint or within 21 days after service of an answer or service of a motion filed under FED. R. CIV. P. 12(b), (e), or (f), whichever is earlier.  FED. R. CIV. P.

15(a)(1).  In all other cases, a plaintiff may amend the complaint before trial only with the adverse party's written consent or with leave of court.  FED. R. CIV. P. 15(a)(2).  A court is authorized to strike an amended complaint to the extent it was filed in violation of Rule 15(a).  *Regions Bank v. Commonwealth Land Title Ins. Co.*, 2012 WL 5410948, *2 (S.D. Fla. 2012); *Rogers v. Hartford Life & Accident Ins. Co.*, 2012 WL 2395194, *1 n. 1 (S.D. Ala. 2012); *see also* FED. R. CIV. P. 12(f).

      Plaintiff's amended complaint was filed more than 21 days after the original defendants' respective motions to dismiss the original complaint.  Accordingly, Plaintiff was required to obtain consent from opposing counsel or leave of court to file an amendment.  There is no question that Plaintiff asked for, and Judge Armstrong granted, leave allowing an amendment to the complaint, but only insofar as Plaintiff sought to substitute the names of the individual officers who originally had been named as fictitious parties.  In particular, Plaintiff neither asked for nor was granted leave to assert any claims against the "University of Alabama for its Division, University of Alabama Hospital" or any other "University of Alabama" entity.  Indeed, any such motion for leave would have been denied on the ground that the proposed amendment would be futile.  *See Hall v. United Ins. Co. of Amer.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).  First, the "University of Alabama" is not itself an independent entity subject to suit; rather, the proper defendant in cases involving the University is its Board of Trustees, which has already been dismissed from this action with prejudice.  *See* ALA. CODE §§ 16-47-1, 16-47-2, 16-47-34; *Robinson v. U.A.B.*, 2012 WL 4725958, *1 n. 1 (N.D. Ala. 2012); *see also Cox v. Board of Trustees of the Univ. of Ala.*, 161 Ala. 639, 648-49, 49 So. 814, 817 (1909); *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987); *Jeongah Kim v. Alabama Agr. & Mech. Univ.*,

2013 WL 1834619, *2 (N.D. Ala. 2013).  Second, even to the extent that the University of Alabama itself might otherwise be an entity that is both distinct from its Board of Trustees and subject to suit, it would enjoy sovereign immunity and Eleventh Amendment immunity for the same reasons that the Board does.  *See Price v. University of Alabama*, 318 F. Supp. 2d 1084, 1088 (N.D. Ala. 2003); *Cox*, 161 Ala. at 648-49, 49 So. at 817; *Liberty Nat'l Life Ins. Co. v. University of Ala. Health Servs. Found., P.C.*, 881 So. 2d 1013, 1027-28 (Ala. 2003); *Taylor v. Troy State Univ.*, 437 So. 2d 472, 474 (Ala. 1983).  Based on the foregoing, Plaintiff's claims against the "University of Alabama for its Division, University of Alabama Hospital," are due to be stricken on the ground that such claims were added by an amendment in violation of FED. R. CIV. P. 15(a).

      **B.**      **Failure to Timely Serve the University**

Even assuming that Plaintiff could show that his claims against the "University of Alabama for its Division, University of Alabama Hospital," are not due to be stricken based on Plaintiff's failure to comply with FED. R. CIV. P. 15(a), such claims are also subject to dismissal because Plaintiff has failed to timely serve that defendant.  A plaintiff is initially required to serve each defendant with a copy of the complaint and a summons.  FED. R. CIV. P. 4(c).  Where the defendant is a corporation or other organization, such service must be made personally upon an officer or managing or general agent, or any other agent authorized to receive service of process, FED. R. CIV. P. 4(h)(1)(B), or in the manner specified by state law, FED. R. CIV. P. 4(h)(1)(A), (e)(1).  Alabama law authorizes service on a corporation or organization by certified mail on an officer or managing or general agent, or any other agent authorized to receive service of process.  ALA. R. CIV. P 4(c)(6); (i)(2).  Under FED. R. CIV. P. 4(m), service of process

generally must be made within 120 days of the filing of the action. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Unless service under Rule 4 is made upon, or is waived by, a defendant, the court does not obtain personal jurisdiction. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008).

With regard to an amended complaint, once a defendant has appeared in the action, service of the amendment may be made under the more liberal provisions of FED. R. CIV. P. 5. *See* FED. R. CIV. P. 5(a)(1)(B). That Rule authorizes service by, among other ways, regular mail upon the party's attorney or electronically via the court's transmission facilities. *See* FED. R. CIV. P. 5(b). However, if the defendant has not appeared in the action, an amended pleading that asserts a new claim for relief has to be served as provided in Rule 4. FED. R. CIV. P. 5(a)(2); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982); *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971)[2].

Plaintiff's claims in his Amended Complaint against the "University of Alabama for its Division, University of Alabama Hospital" are against a new party. While Plaintiff identified a similarly named entity, the "Board of Trustees of the University of Alabama for its Division, University of Alabama Hospital," as a defendant in his original complaint, Judge Proctor's order of January 3, 2013 dismissed that defendant *with prejudice* prior to Plaintiff's amendment. Accordingly, no "University of Alabama" entity remained a defendant in the case, and Plaintiff was required to serve the newly added "University of Alabama" defendant under Rule 4, within 120 days of the filing of the amended complaint. FED. R. CIV. P. 4(c), (m). Plaintiff filed that

---

[2] The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

pleading on January 18, 2013, so the 120-period for service expired on or about May 20, 2013, approximately four months ago. Despite that, there is no indication in the record that Plaintiff has attempted to serve the University of Alabama with a summons and a copy of the amended complaint.

Rule 4 provides that if the plaintiff fails to serve a defendant within 120 days, the district court "must dismiss the action without prejudice ... or order that service be made within a specific time" if the defendant has not been served within the time limit. FED. R. CIV. P. 4(m). The court must extend the time for service, however, if the plaintiff shows "good cause" for the failure. *Id.* Accordingly, a district court must give a plaintiff notice and an opportunity to establish "good cause" prior to ordering dismissal. *Gary v. Dekalb County Gov't*, 177 Fed. Appx. 881, 882 (11th Cir. 2006) (unpublished). "Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009 (quoting *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2001) (citation and alteration omitted)). Rule 4(m) also "permits a district court to enlarge the time for service 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996) (quoting Advisory Committee's Notes on 1993 Amendments to Rule 4, Fed. R. Civ. P.). Further, even if a district court has found that the plaintiff has failed to show good cause for failing to effect timely service, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey*, 476 F.3d at 1282. Such other circumstances that do not constitute "good cause" but may justify relief may include "if the applicable statute of limitations would bar the refiled action, or if the

defendant is evading service or conceals a defect in attempted service." *Id.* (quoting quoting Advisory Committee's Notes on 1993 Amendments to Rule 4, Fed. R. Civ. P.); *see also Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005).  However, Plaintiff has not shown that "good cause" exists to excuse Plaintiff's failure to timely serve the University of Alabama.  Nor does it appear that any other circumstances justify that failure or warrant an extension of the time to effect service.

## III.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, Plaintiff's claims against the "University of Alabama for its Division, University of Alabama Hospital," are due to be **DISMISSED**.

### Notice of Right to Object

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), FED. R. CIV. P., any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

As to the foregoing, it is **SO ORDERED**, this 28th day of October, 2013.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge