UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN R. DAVIS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:12-cv-02112-MHH |
| **ANTHONY PURCELL, et al.,** | } |
| **Defendants.** | } |

# MEMORANDUM OPINION

On October 28, 2013, Chief Magistrate Judge John Ott entered a report and recommendation (Doc. 36) recommending that plaintiff Steven Davis's claims against defendant University of Alabama for its Division, University of Alabama Hospital be dismissed with prejudice.[1] Chief Magistrate Judge Ott permitted the parties fourteen days to file objections to the recommendation. (Doc. 36, p. 8). Neither party has filed any objections.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes timely objections to a Report and Recommendation, the

---

[1] Chief Magistrate Judge Ott also entered another report and recommendation on January 6, 2014, recommending that the Court grant the remaining defendants' motion for summary judgment. (Doc. 37). Mr. Davis has filed objections to that report and recommendation. (Doc. 44). The Court will issue a separate memorandum opinion addressing those objections to the report and recommendation concerning the motion for summary judgment.

district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

When no objections are filed, the district court need not conduct a de novo review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted). In *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006), the Eleventh Circuit stated:

> Most circuits agree that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989) (noting that the "clearly erroneous" standard is appropriate where there has been no objection to the magistrate judge's ruling); *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir. 1989) ("Where a magistrate [judge] has been appointed to conduct an evidentiary hearing, the district court reviews the Report and Recommendation under the same clearly erroneous standard.") (citing *Wooldridge v. Marlene Indus. Corp.,* 875 F.2d 540, 544 (6th Cir. 1989)).

*Id.* The Eleventh Circuit does not appear to have expressly held that a district court should review a report and recommendation for plain error in the absence of any objections. However, other courts in this Circuit have adopted such a position. *Tauber v. Barnhart*, 438 F. Supp. 2d 1366 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge, applying a clearly erroneous standard.") (internal citations and quotations omitted); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F. Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Shuler v. Infinity Property & Gas*, 2013 WL 1346615, at *1 (Mar. 29, 2013) (portions of a report and recommendation "to which no objections is filed are reviewed only for clear error.").

The Court has carefully reviewed the record and Magistrate Judge Ott's October 28, 2013 report and recommendation. (Doc. 36). Applying the clearly erroneous standard, the Court **ADOPTS** the October 28, 2013 report and **ACCEPTS** Judge Ott's recommendation that Mr. Davis's claims against defendant University of Alabama for its Division, University of Alabama Hospital be

dismissed with prejudice.  The Court will enter a separate order consistent with this memorandum opinion.

The Court **DIRECTS** the Clerk to please mail a copy of this memorandum opinion to Mr. Davis.

**DONE** and **ORDERED** this 11th day of  March, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE