UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN R. DAVIS,       } | |
| } | |
|     Plaintiff,       } | |
| } | |
| v.       } | Case No.: 2:12-cv-02112-MHH |
| } | |
| ANTHONY PURCELL, et al.,       } | |
| } | |
|     Defendants.       } | |

## MEMORANDUM OPINION

In this action, plaintiff Steven Davis claims that a number of defendants violated his civil rights when officers at the University of Alabama at Birmingham Hospital arrested him as he attempted to enter the hospital to visit a friend. On January 6, 2014, Chief Magistrate Judge John Ott entered a report and recommendation (Doc. 37) recommending that the defendants' motion for summary judgment (Doc. 20) be granted and that the defendants' motion to strike (Doc. 23) be granted in part and denied in part. In his report, Judge Ott advised the parties that if any of them objected to his report, that party must file written objections within fourteen days. (Doc. 37, p. 21).

No party filed written objections within the fourteen day period; however, during a hearing on his counsel's motion to withdraw following the expiration of the fourteen day period, Mr. Davis indicated that he objected to the report and

recommendation. After granting the motion to withdraw, the Court allotted additional time for Mr. Davis to associate new counsel if he wished and to file objections to the report and recommendation. (*See* Doc. 43).[1] Acting *pro se* (i.e. without counsel), Mr. Davis filed his objections on March 3, 2014. (Doc. 44).

Because Mr. Davis filed objections to the report and recommendation, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This means the Court must "give fresh consideration to those issues to which specific objection has been made." *Jeffrey S. v. State Bd. of Educ. Of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Mr. Davis's objections reference the Americans with Disabilities Act ("ADA"). (Doc. 44, ¶¶ 11-13; 15). Neither Mr. Davis's first nor his amended complaint contains an ADA claim. (*See* Docs. 1, 16). Mr. Davis did not attempt to state a claim under the ADA as part of this action. Therefore, the Court overrules Mr. Davis's objections based upon any alleged ADA violations.

---

[1] The Court explained on the record during the February 20, 2014 hearing on the motion to withdraw its reasons for permitting Mr. Davis additional time to file objections. A transcript of the hearing is available upon request.

Several of Mr. Davis's objections contradict his prior testimony. For example, in his affidavit filed in opposition to the defendants' motion for summary judgment (Doc. 22-1), Mr. Davis testified that when he had a seizure at the hospital, he heard someone say "Oh no he didn't!" and saw someone in a yellow shirt attack him and throw him to the floor. (Doc. 22-1, ¶ 4). In his objections, Mr. Davis states that his seizures typically last three to five minutes, and during this time, he has "NO control of [his] body and cannot speak or respond to anyone or anything for about 30 minutes." (Doc. 44, ¶ 6). Mr. Davis also states that individuals with epilepsy "have no memory of events that may have taken place before, during and after a seizure, until they regain full control." (Doc. 44, ¶ 6). Because these statements contradict Mr. Davis's sworn testimony, the Court finds no basis for overruling the report and recommendation based on these contentions.

Finally, for purposes of the Court's *de novo* review, the Court assumes that Mr. Davis did suffer from a seizure; he did not attempt to run through the metal detector without being screened; he did not refuse a request to go through the metal detector; and he did not raise his hand in a threatening manner toward any officer. (*See* Doc. 44, ¶¶ 1-3; 10). Even accepting these facts as true, the Court finds that Judge Ott applied proper legal standards in reviewing the defendants' motions, and Judge Ott correctly evaluated the evidence under those standards.

3

Having carefully considered the materials in the court file, including all reports and recommendations and the related briefing, and after conducting a *de novo* review of the record relating to Mr. Davis's objections, the Court **ADOPTS** the report and **ACCEPTS** Judge Ott's recommendation that the defendants' motion for summary judgment be granted and the defendants' motion to strike be granted in part and denied in part.  The Court will enter a separate order consistent with this memorandum opinion dismissing this action with prejudice.

The Court **DIRECTS** the Clerk to please a mail a copy of this opinion to Mr. Davis.

**DONE** and **ORDERED** this 13th day of March, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE